UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILLIE MINCEY,

    Plaintiff,

v.                          CASE NO. 3:22-cv-123-MMH-JBT

WASTE PRO OF FLORIDA, INC.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on the Parties' Renewed Joint Motion to Approve FLSA Settlement ("Motion") (Doc. 25). The Motion was referred to the undersigned for a report and recommendation regarding an appropriate resolution. (*See* Doc. 22.) For the reasons stated herein, the undersigned respectfully **RECOMMENDS** that the Motion be **GRANTED**, the Settlement Agreement and Release of Fair Labor Standards Act Claim ("Agreement") (Doc. 25-1) be **APPROVED**, and that final judgment be entered in Plaintiff's favor against Defendant in the amount of $9,500.00.[1]

---

[1] Plaintiff intends to move for attorney's fees and costs pursuant to Federal Rule of Civil Procedure 54(d) and Local Rule 7.01 once judgment is entered. (Doc. 25 at 13.)

## I.     Background[2]

Plaintiff filed the instant action seeking unpaid overtime wages and other relief pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA") (Doc. 1.)  According to the Complaint and Motion, Plaintiff was employed by Defendant as a waste disposal driver from September 2014 to September 2016. (*Id*. at 2, 4–7; Doc. 25 at 4.)  Plaintiff alleged that Defendant failed to pay him true "day rate" wages and did not keep adequate payroll records.[3]  (Doc. 1 at 2, 6–12.) Plaintiff further alleged that because he was not compensated using a true "day rate," he was entitled to time and one-half of his actual hourly rate of pay for hours worked in excess of 40 hours per week.  (*Id*.)  Additionally, Plaintiff alleged he was required to "perform pre-shift and post-shift duties, and other discrete tasks, while not clocked in," and was "subject to potential disciplinary action for refusing to work overtime." (*Id*. at 2, 8–13.)

The Agreement provides for a settlement payment in the amount of $9,500.00, exclusive of fees and costs, which the parties submit represents a "fair

---

[2] The Motion provides additional background regarding two predecessor actions related to this case, referred to herein as the South Carolina action and the South Florida action. (Doc. 25 at 1–2.)

[3] Plaintiff alleged he was not actually paid "a true day rate for any and all hours worked in a given day" and therefore his unpaid overtime should not be calculated based on day rate wages.  (Doc. 1 at 2, 6–12); *see also* 29 C.F.R. § 778.112 (regulating the calculation of overtime for flat sum day work rates).  Had Plaintiff been paid based on a true day rate, his overtime should be calculated by "totaling the sums received for each job during the workweek and 'dividing by the total hours actually worked.'"  *Powell v. Carey Int'l., Inc.*, 514 F. Supp. 2d 1302, 1317–18 (S.D. Fla. 2007) (quoting 29 C.F.R. § 778.112).

and reasonable resolution of a *bona fide* dispute." (Doc. 25 at 1, 5.) The Motion requests that the Court approve the Agreement and enter judgment in the amount of $9,500.00. (Doc. 25 at 13.)

## II.    Standard

Section 216(b) of the FLSA provides in part:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages. . . . The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

29 U.S.C. § 216(b).

"When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Judicial review is required because the FLSA was meant to protect employees from substandard wages and oppressive working hours, and to prohibit the contracting away of these rights. *Id.* at 1352. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute," the district court is allowed "to approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In short, the settlement must represent "a fair and

reasonable [resolution] of a bona fide dispute over FLSA provisions." *Id.* at 1355. In addition, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam).[4]

In *Bonetti v. Embarq Management Co.*, the court analyzed its role in determining the fairness of a proposed settlement under the FLSA, and concluded:

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). Other cases from this district have indicated that when attorneys' fees are negotiated separately from the payment to a plaintiff, "an in depth analysis [of the reasonableness of the fees] is not necessary

---

[4] The undersigned does not rely on unpublished opinions as binding precedent. However, they may be cited if they are persuasive on a particular point. *See McNamara v. GEICO,* 30 F.4th 1055, 1060–61 (11th Cir. 2022).

4

unless the unreasonableness is apparent from the face of the documents." *King v. My Online Neighborhood, Inc.*, No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007).[5]

### III.   Analysis

The parties identify the following issues in dispute:

- [T]he amount of time Plaintiff spent performing his work, and whether Defendant's timekeeping methods accurately tracked all time worked for purposes of calculating overtime;

- the appropriate rate at which overtime should be paid when drivers were paid a day rate (i.e., half-time or time-and-one-half the regular rate);

- whether Defendant would be able to meet [its] burden of demonstrating good faith, such that [it] would avoid the imposition of liquidated damages;

- whether Plaintiff is entitled to tolling for the time period that he joined the South Carolina Action;[6] and

- whether Plaintiff and/or Defendant would appeal myriad legal or factual determinations, including tolling, liability, and damages.

(Doc. 25 at 7.)

---

[5] Because fees and costs will be pursued separately, and there appears to be no present agreement thereon, the Court need not be concerned that Plaintiff's recovery is being adversely affected by the fees amount.

[6] Plaintiff opted into the South Carolina action on December 12, 2017. *See Wright, etc., et al. v. Waste Pro USA, Inc., et al.,* No. 2:17-cv-2654-DCN (Docs. 35; 35-1 at 43); (Doc. 1 at 3.)

The undersigned recommends that the above issues are bona fide FLSA issues that are actually in dispute.  Moreover, the undersigned recommends that the proposed compromise is reasonable.  Plaintiff is set to receive $9,500.00.  (*Id.* at 13.)  Although Plaintiff calculated his overtime damages as $27,283.90, there are significant issues in dispute, including the statute of limitations.  (*Id.* at 4.)  Plaintiff worked as a driver from September 2014 until September 2016, the South Florida action was not filed until August 15, 2019, and the court in the South Florida action has held that the South Carolina action did not toll the statute of limitations.  (Doc. 25 at 2–4.)  That issue is currently on appeal to the Eleventh Circuit.  (Doc. 25 at 11.)  If that issue alone were to be decided adversely to Plaintiff, it appears that he would receive little to no relief.  Finally, the Agreement contains only a FLSA release and no objectionable provisions.  (*See* Doc. 25-1.)  Thus, the undersigned recommends that the proposed settlement be approved.

Therefore, it is respectfully **RECOMMENDED** that:

1. The Motion (**Doc. 25**) be **GRANTED**.

2. The Agreement (**Doc. 25-1**) be **APPROVED**.

3. The Clerk of Court be directed to enter final judgment in favor of Plaintiff, Willie Mincey, and against Defendant, Waste Pro of Florida, Inc., in the amount of $9,500.00.

### Notice to Parties

"Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the

proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**DONE AND ENTERED** in Jacksonville, Florida, on November 8, 2022.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record