UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILLIE MINCEY,

       Plaintiff,

v.                                                                    Case No.   3:22-cv-123-MMH-JBT

WASTE PRO OF FLORIDA, INC.,

       Defendant.

_____

## ORDER

**THIS CAUSE** is before the Court on the Report and Recommendation (Dkt. No. 26; Report) entered by the Honorable Joel B. Toomey, United States Magistrate Judge, on November 8, 2022.   In the Report, Judge Toomey recommends that the Parties' Renewed Joint Motion to Approve FLSA Settlement (Dkt. No. 25; Motion) be granted, the Settlement Agreement and Release of Fair Labor Standards Act Claim (Dkt. No. 25-1; Agreement) be approved, and that final judgment be entered in Plaintiff's favor and against Defendant in the amount of $9,500.00.   See Report at 1, 6.   The parties do not have any objections to the Report.   See Joint Notice of Non-Objection to Report and Recommendation (Dkt. No. 27).

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."   28 U.S.C. § 636(b). Pursuant to Rule 72, Federal Rules of Civil Procedure (Rule(s)), the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."   See Rule 72(b)(3); see also 28 U.S.C. § 636(b)(1). However, a party waives the right to challenge on appeal any unobjected-to factual and legal conclusions.   See 11th Cir. R. 3-1.[1]   As such, the Court reviews those portions of the Magistrate Judge's findings to which no objection was filed for plain error and only if necessary, in the interests of justice.   See id.; see also Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge's] factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Dupree v. Warden, 715 F.3d 1295, 1304-05 (11th Cir. 2013) (recommending the adoption of what would become 11th Circuit Rule 3-1 so that district courts do not have "to spend significant amounts of time and resources reviewing every issue—whether objected to or not.").

---

[1] The Magistrate Judge properly informed the parties of the time period for objecting and the consequences of failing to do so.   See Report at 6-7.

Upon review of the record, including the Report, Motion, and Agreement, the undersigned concludes that the settlement represents a "reasonable and fair" resolution of Plaintiff's claims.   Accordingly, the Court will accept and adopt the Report.

In light of the foregoing, it is hereby

**ORDERED:**

1.    The Report and Recommendation (Dkt. No. 26) is **ADOPTED** as the opinion of the Court.

2.    The Parties' Renewed Joint Motion to Approve FLSA Settlement (Dkt. No. 25) is **GRANTED**.

3.    The Settlement Agreement and Release of Fair Labor Standards Act Claim (Dkt. No. 25-1) is **APPROVED**.

4.    The Clerk of the Court is directed to enter final judgment in favor of Plaintiff, Willie Mincey, and against Defendant, Waste Pro of Florida, Inc., in the amount of $9,500.00.

5.    The Court finds that Plaintiff is the prevailing party in this action. As such, Plaintiff is entitled to an award of attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

6. Plaintiff shall have **fourteen (14) days from the entry of judgment** to file a motion for attorneys' fees and costs in accordance with Rule 7.01(b), Local Rules, United States District Court, Middle District of Florida.

**DONE AND ORDERED** in Jacksonville, Florida this 15th day of November, 2022.

**MARCIA MORALES HOWARD**
United States District Judge

ja

Copies to:

Counsel of Record